[No. 5,394.]
## JOHN McNEIL v. JAMES M. BARNEY.

Instruction to Jury on the Evidence.—The court should not instruct the jury upon controverted matters of fact, nor upon the weight of evidence.

Effect of Evidence.—In an action for damages for failing to comply with an alleged contract to furnish freight for the plaintiff to haul with his teams, the fact that the defendant had taken a contract to haul freight for a third person, does not go to prove that the defendant had employed the plaintiff to do the hauling.

Appeal from the District Court, Eighteenth Judicial District, County of San Bernardino.

The plaintiff alleged in his complaint that he owned teams for freighting, and that the defendant contracted with him, on the eighteenth day of November, 1874, to employ him for one year in hauling freight from Spadra on the line of the railroad below Los Angeles to Panamint, and in hauling ore on return trips, and agreed to give him four cents per pound for freight to Panamint, and one and a half cents per pound for ore, and that the defendant failed to comply with his contract after the third trip. Judgment was asked for damages. The answer denied the allegations of the complaint. The plaintiff recovered judgment, and the defendant appealed. The other facts are stated in the opinion.

*B. B. Harris and A. W. Blair,* for the Appellant.

All evidence of or about any contract between the defendant and the Meyersteins should have been excluded. It was not pertinent to any issue made by the pleadings. It was confusing and misleading to the jury, and forcing the jury into the trial of an outside issue, which the defendant did not and could not possibly have contemplated. (1 Greenleaf on Ev., sec. 448.)

*Henry M. Willis and C. W. C. Rowell,* for the Respondent.

The evidence as to a contract between appellant and Meyerstein & Co., was admissible, both for the purpose of showing an interest in appellant in the hauling of freight from Spadra, and as tending to corroborate the testimony of plaintiff as to contract made between him and appellant, in relation to the hauling of said freight.

By the COURT:

The argument having been concluded, Chief Justice Wallace, speaking for the court, said: "We think the instruction, which is the subject of the nineteenth exception, erroneous; it is as follows: 'If you should find that the defendant was at this time under contract with Meyerstein & Co. to haul a certain amount of freight, for instance, fifty tons a month for the period of one year, that fact will go far toward clearing up any suspicion attaching to testimony

going to prove a contract, without other apparent reasons.' "

This instruction was not upon a question of law, but upon the matter of fact involved, and the weight of the evidence, which should be left to the determination of the jury.

Besides, the proposition is incorrect in itself. The plaintiff alleged in his complaint that he had entered into a contract with the defendant Barney to do certain hauling for the latter; the defendant in his answer denied the making of the contract. The first question to be determined, therefore, was, whether such a contract had been in fact made.

In order to lend probability to the plaintiff's claim that the contract had been made, he was allowed to prove that the defendant was himself at the time under a contract with a third party (Meyerstein & Co.), to haul fifty tons of freight per month. The independent circumstance that the defendant had undertaken to have that much hauling done for a third person is, under the instruction, to be taken as going to prove that the defendant had employed the plaintiff to do the hauling; the supposition being that he must have employed some one for that purpose, and that in all probability that some one was the particular person who is the plaintiff in this action.

The court is of the opinion that the judgment must be reversed and the cause remanded for a new trial, and it is so ordered.